1   JOSEPH P. RUSSONIELLO (CABN 44332)
    United States Attorney
2
    BRIAN J. STRETCH (CABN 163973)
3   Chief, Criminal Division

4   KEVIN J. BARRY (CABN 229748)
    DENISE MARIE BARTON (MABN 634052)
5   Assistant United States Attorney
            450 Golden Gate Ave., Box 36055
6           San Francisco, California 94102
            Telephone:  (415) 436-7200
7           Fax: (415) 436-7234
            E-Mail: kevin.barry@usdoj.gov
8                   denise.barton@usdoj.gov

9   Attorneys for Plaintiff

10                      UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                            OAKLAND DIVISION

13

14
    UNITED STATES OF AMERICA,          )   CR. No. 09-0217 PJH
15                                     )
                Plaintiff,             )   **UNITED STATES' PRETRIAL**
16                                     )   **CONFERENCE STATEMENT**
            v.                         )
17                                     )
    FRANK SALVADOR SOLORZA,            )   Pretrial Conf:  June 2, 2010
18                                     )   Time:           2:30 p.m.
                Defendant.             )   Trial:          June 21, 2010
19   _____ )   Judge:          Hon. Phyllis J. Hamilton

20

21

22

23

24

25

26

27

28

The UNITED STATES OF AMERICA, through its counsel Joseph P. Russoniello, United States Attorney, and Kevin J. Barry and Denise Marie Barton, Assistant United States Attorneys, files this Pretrial Conference Statement pursuant to Crim. L. R. 17.1-1(b) and the Revised Order for Pretrial Preparation for Criminal Jury Trial, dated January 26, 2009 (Docket No. 57) .

**1.     DISCLOSURE AND CONTEMPLATED USE OF STATEMENTS OR REPORTS OF WITNESSES INTENDED TO BE CALLED AT THE TRIAL**

The United States has previously produced discovery including numerous witness statements in advance of the time periods provided for in 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2 and has also produced many statements and reports not strictly covered by these authorities.  Specifically, the United States produced the following discovery, which included witness statements, on the noted dates:

|  |  |
|---|---|
| March 6, 2009 | Bates numbers 00001 – 00047; |
| March 25, 2009 | Bates numbers 00048 – 00058; |
| May 4, 2009 | Bates numbers 00059 – 00137; |
| June 8, 2009 | Bates numbers 00138 – 00143; |
| June 26, 2009 | Bates numbers 00144 – 00146; |
| July 6, 2009 | Bates numbers 00147 – 00156; |
| August 24, 2009 | Bates numbers 00157 – 00581; |
| August 25, 2009 | Bates numbers 00582 – 00761; |
| September 14, 2009 | Bates numbers 00762 – 00769; |
| September 16, 2009 | Bates numbers 00770 – 00812; |
| September 24, 2009 | Bates numbers 00813 – 00864; |
| October 21, 2009 | Bates numbers 00865 – 00875. |

To the extent that additional reports and statements are generated in connection with recent activity, the United States will immediately make them available in accordance with its continuing duty to disclose.

UNITED STATES' PRETRIAL CONFERENCE STATEMENT
CR 09-0217 PJH

In addition, the United States has informed the defendant of its intention to use a number of co-conspirator statements in its case-in-chief. These co-conspirator statements and the dates of their production are discussed in Section 11, below.

The United States has requested reciprocal discovery. To date, defense counsel has provided only preliminary reports of a defense investigator's interview with the defendant's fellow employees at Safeway.

**2.     DISCLOSURE AND CONTEMPLATED USE OF GRAND JURY TESTIMONY OF WITNESSES INTENDED TO BE CALLED AT THE TRIAL**

The United States has not yet produced grand jury testimony of witnesses to be called at trial. Although neither 18 U.S.C. § 3500 nor Fed. R. Crim. P. 26.2 require disclosure until after a witness has testified at trial, the United States will produce the grand jury testimony of a witnesses it intends to call prior to trial, subject to a motion to unseal the grand jury transcript. The government intends to make this motion at the pretrial conference and to produce the transcript at that time, which is roughly three weeks before trial. There is only a single potential trial witness who offered testimony before the grand jury.

**3.     DISCLOSURE OF EXCULPATORY OR OTHER EVIDENCE FAVORABLE TO THE DEFENDANT ON THE ISSUE OF GUILT OR PUNISHMENT**

The United States believes that it has disclosed all exculpatory evidence known to it. The United States further understands that the duty to disclose exculpatory evidence is a continuing one. In the event the United States learns of exculpatory evidence in preparation for and during the trial, it will immediately disclose this information to the defendant.

**4.     STIPULATION OF FACTS**

The United States intends to seek several stipulations with counsel for the defense and will promptly advise the Court of any stipulations when reached by the parties. Generally, the United States intends to seek a stipulation that the revised transcriptions and translations of various recordings represent accurate representations of those recordings. The United States will also propose a stipulation concerning chain-of-custody of certain evidence. The United States will also

UNITED STATES' PRETRIAL CONFERENCE STATEMENT
CR 09-0217 PJH

1  seek stipulations concerning the phone records associated with the defendant and other persons

2  connected with the charged conduct.

3  **5.      APPOINTMENT BY THE COURT OF INTERPRETERS**

4          The United States anticipates that the victim-witnesses in this case will need a Spanish

5  language interpreter at the trial, and the United States is making arrangements for a certified

6  interpreter to be present.

7  **6.      DISMISSAL OF COUNTS / ELIMINATION OF ISSUES**

8          The United States does not anticipate the dismissal of any counts.

9          On March 6, 2009, the United States requested notice of intent to rely on an alibi defense or

10  a defense of insanity in accordance with Fed. R. Crim. P. 12.1.  To date, the defendant has not

11  provided any notice of either defense.  The defendant has indicated, however, that he intends to

12  reply on a defense of coercion / duress, which is the subject of motions in limine.

13  **7.      JOINDER AND SEVERANCE**

14          The United States does not anticipate seeking joinder of any cases, and severance should not

15  be an issue in this matter.

16  **8.      IDENTIFICATION OF INFORMERS, USE OF LINEUP OR OTHER
17           IDENTIFICATION EVIDENCE, AND EVIDENCE OF PRIOR CONVICTIONS OF
             THE DEFENDANT OR ANY WITNESS**

18          This case does not involve any informers.

19          The United States anticipates the possibility of introducing evidence of a photograph arrays

20  and witness identifications from this photograph arrays in the course of the trial with a single

21  witness.  The fact of the photograph arrays and identifications have previously been disclosed to the

22  defense in the course of discovery.

23          The United States will not seek to admit specific prior convictions of the defendant, either in

24  its case in chief or if he testifies, unless the defendant on direct examination makes a statement

25  denying any prior contact with law enforcement.

26  ///

27

28

UNITED STATES' PRETRIAL CONFERENCE STATEMENT
CR 09-0217 PJH

4

**9.     PRETRIAL EXCHANGE OF WITNESS LISTS FOR WITNESSES TO BE CALLED IN CASE-IN-CHIEF**

The United States presents its list of witnesses it intends to call during its case-in-chief as Attachment A hereto.  The United States reserves the right to amend this list and will provide an updated witness list prior to trial should there be any changes.

**10.    PRETRIAL EXCHANGE OF DOCUMENTS, EXHIBITS, SUMMARIES, SCHEDULES, MODELS OR DIAGRAMS INTENDED TO BE OFFERED OR USED AT TRIAL IN CASE-IN-CHIEF**

The United States presents its list of exhibits in intends to introduce during its case-in-chief as Attachment B hereto.  The United States reserves the right to add, omit, or modify its exhibits prior to trial, and will provide an updated exhibit list prior to trial should there be any changes.  The United States reserves the right to redact certain portions of its exhibits.

The United States further requests an opportunity to examine the defendants' exhibits before trial.

**11.    PRETRIAL RESOLUTION OF OBJECTIONS TO EXHIBITS OR TESTIMONY TO BE OFFERED AT TRIAL**

**Motions in Limine**

The United States has filed four motions in limine, and the defendant has filed five motions in limine.  In these motions, the parties request rulings on the following aspects of evidence or testimony:

(1) Whether the defendant will be permitted to offer evidence concerning a defense of coercion or duress;

(2) Whether the government will be permitted to offer evidence that some of the victims suspected that the defendant was involved in the scheme to extort money from them prior to his arrest;

(3) Whether the government will be permitted to offer evidence that the defendant is a naturalized citizen and that prior to this, he was a legal permanent resident with a green card, as well as other evidence concerning the defendant's immigration status;

UNITED STATES' PRETRIAL CONFERENCE STATEMENT
CR 09-0217 PJH

1   (4 ) Whether the government will be permitted to offer evidence that the defendant

2   previously used other names before he obtained his green card;

3   (5) Whether the defendant will be permitted to offer evidence through the testimony of his

4   previous counsel that the defendant received a threatening letter telling the defendant to be careful in

5   his dealings with the government, a letter that was lost by prior counsel;

6   (6) Whether the government will be permitted to offer evidence in the form of co-conspirator

7   statements; and

8   (7) Whether the government will be permitted to offer evidence in the form of transcriptions

9   of recorded conversations.

10  **Admissions by the Defendant**

11  The United States also intends to offer statements of the defendant in its case-in-chief.  The

12  United States contends that any and all statements by the defendant are admissible as admissions of

13  a party opponent and are not hearsay.  FRE 801(d)(1); *United States v. Matlock*, 415 U.S. 164, 172

14  (1974).  Those statements include statements that the defendant made at the time of his arrest.  In

15  addition, statements in which the defendant had conversations with his family members – prior to

16  their receipt of the extortionist letters – in which he inquired of his family members when their

17  "green cards" were going to expire and other questions regarding their immigration status.

18  Documentation of all statements by the defendant have been produced to the defendant.

19  **Admission of Recorded Conversations and Use of English Transcripts**

20  The United States intends to offer evidence of co-conspirator statements through recorded

21  statements and English-language transcripts of the Spanish language recordings.  *See United States'*

22  *Second Motion in Limine To Admit Co-Conspirator Statements*.  These recordings and draft

23  transcripts were produced to defense counsel in discovery.  Final trial-ready, certified transcripts are

24  being prepared and will be available in advance of trial and provided to defense counsel upon

25  completion.[1]

26

27  _____

[1] The trial-ready, certified transcripts are not expected to differ in any material respect from the

28  (continued...)

UNITED STATES' PRETRIAL CONFERENCE STATEMENT
CR 09-0217 PJH

1    Based on conversations with defense counsel, the United States anticipates that the parties

2    will reach a stipulation as to the admissibility of the recordings and the accuracy and admissibility of

3    the English transcripts.  Defense counsel has recently advised the United States that he does not

4    object to the accuracy of the transcripts that the United States intends to offer into evidence.

5    As an aid to the Court and in the event that a stipulation is not reached, the United States

6    provides the following authority regarding admissibility of the recordings and the English-language

7    translation transcripts.

8    A.    Authentication of the Recordings

9    If a stipulation is not reached, the United States anticipates that the persons present during

10   the recorded calls will authenticate the recordings.[2]  The foundation which must be laid for the

11   introduction into evidence of tape recordings is a matter largely within the discretion of the trial

12   court.  There is no rigid set of foundational requirements.  Rather, the Ninth Circuit has held that

13   "tapes are sufficiently authenticated under Fed. R. Evid. 901(a) if 'sufficient proof has been

14   introduced so that a reasonable juror could find in favor of authenticity or identification.'"  *United*

15   *States v. Matta-Ballesteros*, 71 F.3d 754, 768 (9th Cir. 1995), *modified*, 98 F.3d 1100 (9th Cir.

16   1996).  Witnesses may testify competently as to the identification of a voice on a tape recording.

17   Fed. R. Evid. 901(b)(5); *United States v. Torres*, 908 F.2d 1417, 1425 (9th Cir. 1990) ("Testimony

18   of voice recognition constitutes sufficient authentication."); *United States v. Basey*, 613 F.2d 198,

19   202 n.2 (9th Cir. 1979); *United States v. Turner*, 528 F.2d 143, 163 (9th Cir. 1975).

20   The recordings that the United States intends to introduce contain portions in which the tape

21   is inaudible.  However, the inaudible portions are not substantial and do not render the tapes, and

22   resulting transcripts, unintelligible.  Taped conversations are competent evidence even when they

23   are partly inaudible, unless the unintelligible portions are so substantial as to render the recording as

24

25

26   [1](...continued)
     draft transcripts produced to defense counsel.

27

28   [2] The United States will also have chain of custody witnesses available.

1  a whole untrustworthy.  *United States v. Ruppel*, 666 F.2d 261, 272 (5th Cir. 1982); *United States v.*
2  *Carlson*, 423 F.2d 431, 440 (9th Cir. 1970).

3        B.     <u>Procedure for Admission of Transcripts Prepared From Spanish Language Tapes</u>

4        English transcripts of recordings in a foreign language are admissible evidence.  *United*
5  *States v. Abonce-Barrera*, 257 F. 3d 959, 962 (9th Cir. 2001) (when there is no dispute as to the
6  accuracy of the transcripts, there is no error in admitting the English transcripts and sending the
7  transcripts to the jury room); *United States v. Franco*, 136 F.3d 633, 626-28 (9th Cir. 1998) (same);
8  *United States v. Feuntes-Montijo*, 68 F.3d 352, 355-56 (9th Cir. 1995); *United States v. Armijo*, 5
9  F.3d 1229, 1234-35 (9th Cir. 1993).

10        Prior to admitting transcripts of foreign language recordings, the accuracy of the recordings
11  must be determined.  In the case of foreign language tapes, the Ninth Circuit reviews "whether the
12  following steps were taken to ensure the accuracy of the transcriptions and their translation: (1)
13  whether the district court reviewed the transcriptions and translations for accuracy, (2) whether the
14  defense counsel had the opportunity to highlight alleged inaccuracies and to introduce alternative
15  versions and (3) whether the jury was allowed to compare the transcript to the tape and hear
16  counsel's arguments as to the meaning of the conversations."  *Abonce-Barrera*, 257 F. 3d at 962;
17  *Franco*, 136 F. 3d at 626.  No single question is dispositive.  *See Armijo*, 5 F. 3d at 1234-35.
18  Moreover, there is no requirement that a trial judge personally determine the accuracy of the
19  transcript if a third party, such as a translator, testifies as to the accuracy of the transcript.  *Id.* at
20  1234-35.  In this case, the defense received the transcripts of the records approximately one year ago
21  and has not identified any inaccuracies.  In fact, the defense has indicated that it will not contest the
22  accuracy of the transcripts.  Should the defendant decide not to stipulate to accuracy, the United
23  States is prepared to offer testimony of the transcribers / translators who prepared the trial-ready
24  transcripts.

25  **12.**    **PREPARATION OF PRETRIAL BRIEFS ON CONTROVERTED POINTS OF LAW**

26        The United States is not currently aware of any controverted points of law other than those
27  addressed in the motions in limine filed on May 18 and May 19, 2010.  The key point of law at issue

28

in those motions is whether the Court will permit the defendant to offer evidence of duress or coercion as part of his defense in this case.  Should the United States become aware of any such issues, it will prepare and file a Trial Brief to address these issues.

**13.    SCHEDULING OF THE TRIAL AND WITNESSES**

As discussed during the Court's May 12, 2010 hearing on the defendant's motion to change the trial date, the United States is prepared to proceed, as scheduled, on June 21, 2010.  The United States has issued subpoenas to witnesses in accordance with this schedule.

**14.    REQUEST FOR JURY QUESTIONNAIRE, VOIR DIRE, EXERCISE OF PEREMPTORY AND CAUSE CHALLENGES, AND JURY INSTRUCTIONS**

The Court has set forth a Jury Questionnaire in its January 26, 2010 Revised Order For Pretrial Preparation For Criminal Jury Trial.  (Docket No. 57.)  The United States does not object to this questionnaire.  The United States is filing additional Proposed Voir Dire Questions, and the defendant has already done so.  The United States will meet and confer with counsel for the defendant to resolve any differences between the two versions, with the goal of presenting a joint proposed set of questions.  The parties will present any remaining disputes to the Court for resolution.

The United States is not aware of any reason that the standard number of peremptory challenges provided for in Fed. R. Crim. P. 24(b)(2) – 10 for the defendant and six for the prosecution – should not apply in this trial.

The United States is filing Proposed Jury Instructions, and the defendant has already done so. The United States will meet and confer with counsel for the defendant to resolve differences between the two versions, with the goal of presenting a joint proposed set of instructions.  The parties will present any remaining disputes to the Court for resolution.

**15.    ANY OTHER MATTER WHICH MAY TEND TO PROMOTE A FAIR AND EXPEDITIOUS TRIAL**

**Case Agent Designation**

At commencement of trial, the United States will move for exclusion of all witnesses. However, pursuant to Fed. R. Evid. 615(2), the government will request that an ICE Agent be

designed as the case agent and be exempt from the exclusion order.  FRE 615(2) (an officer or employee of a party that is not a natural person designated by its attorney as its representative should not be ordered excluded from the court during trial); *see also United States v. Little*, 753 F.2d 1420, 1441 (9th Cir. 1985.  As Rule 615(2) makes clear, the exemption from exclusion does not include defense investigators.  If the defendants choose to have their investigators present during testimony by any witness, those investigators should be prohibited from testifying.

The United States is not currently aware of any additional matters to present to the Court.

DATED: May 19, 2010                          Respectfully Submitted,


JOSEPH P. RUSSONIELLO
United States Attorney


_____/s/_____
KEVIN J. BARRY
DENISE MARIE BARTON
Assistant United States Attorney

# ATTACHMENT A

JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

KEVIN J. BARRY (CABN 229748)
DENISE MARIE BARTON (MABN 634052)
Assistant United States Attorneys
    450 Golden Gate Avenue, Box 36055
    San Francisco, California  94102
    Telephone:    (415) 436-7200
    Facsimile:    (415) 436-7234
    Email: kevin.barry@usdoj.gov
          denise.barton@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 09-0217 PJH |
| Plaintiff, | ) | |
| v. | ) | **UNITED STATES' WITNESS LIST** |
| FRANK SALVADOR SOLORZA, | ) | |
| Defendant. | ) | |

UNITED STATES' WITNESS LIST
CR 09-0217 PJH

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

Case No.:     CR 09-0217 PJH           Date:      June 21, 2010

     United States of America     v.     Frank Salvador Solorza

(X) PLAINTIFF'S     ( ) DEFENDANT'S

WITNESS LIST

| Witness Name | Subject of Testimony |
|---|---|
| Jesus Escatel | Victim; will offer testimony about the initial contact by a co-conspirator with the letter purporting to be from "George Marsino" from the "Office of Immigration" in San Francisco; will testify concerning phone calls received from co-conspirators; will testify concerning interactions with ICE; will testify concerning the events immediately leading up to the defendant's arrest; will provide testimony authenticating recordings if stipulations are not agreed upon |
| Gabriel Escatel | Victim; will offer testimony about the initial contact by a co-conspirator with the letter purporting to be from "George Marsino" from the "Office of Immigration" in San Francisco; will testify concerning phone calls received from co-conspirators; will testify concerning interactions with ICE |
| Irma Escatel | Victim; will offer testimony about the initial contact by a co-conspirator with the letter purporting to be from "George Marsino" from the "Office of Immigration" in San Francisco; will testify concerning phone calls received from co-conspirators; will testify concerning interactions with ICE |
| Jose Rutilio Escatel | Victim; will offer testimony about the initial contact by a co-conspirator with the letter purporting to be from "George Marsino" from the "Office of Immigration" in San Francisco; will testify concerning phone calls received from co-conspirators; will testify concerning interactions with ICE |

| Witness Name | Subject of Testimony |
|---|---|
| Veronica Sanchez | Victim; will offer testimony about the initial contact by a co-conspirator with the letter purporting to be from "George Marsino" from the "Office of Immigration" in San Francisco; will testify concerning phone calls received from co-conspirators; will testify concerning interactions with ICE; will provide testimony authenticating recordings if stipulations are not agreed upon |
| Ramon Escatel | Victim; will offer testimony about the initial contact by a co-conspirator with the letter purporting to be from "George Marsino" from the "Office of Immigration" in San Francisco; will testify concerning phone calls received from co-conspirators; will testify concerning interactions with ICE; will provide testimony authenticating recordings if stipulations are not agreed upon |
| Gricelda Garcia | ICE Special Agent; will testify regarding initial contact with ICE by victims; ICE initial meeting with victims; ICE investigation of the defendant and his co-conspirators; and ICE investigation of the Escatels; will also testify on chain of custody if stipulations are not agreed upon |
| Rocio Franco | ICE Special Agent; will testify regarding ICE investigation of the defendant and his co-conspirators; and events immediately leading up to the defendant's arrest; will also testify on chain of custody if stipulations are not agreed upon |
| Dennis Scheffel | ICE Special Agent; will testify regarding ICE initial meeting with victims; ICE investigation of the defendant and his co-conspirators; and events immediately leading up to the defendant's arrest; will also testify on chain of custody if stipulations are not agreed upon |
| Jason Barry | ICE Special Agent; will testify regarding ICE investigation of the defendant and his co-conspirators; and events immediately leading up to the defendant's arrest; will also testify on chain of custody if stipulations are not agreed upon |

| Witness Name | Subject of Testimony |
|---|---|
| Sarah Agate | House of Humor employee; recalled Hispanic looking person who resembled Solorza shopping for a clown suit on February 9, 2009 |
| ICE Special Agents Present on 2/10/09 and Identified in Reports Produced | Additional ICE Special Agents will be called to testify for authentication and chain of custody if stipulations are not agreed upon |
| Translators / Transcribers of Recordings (if needed ) | Will testify re: accuracy of translation and transcription of audio recordings introduced as evidence |

Date: May 19, 2010                    Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

_____/s/_____
KEVIN J. BARRY
DENISE MARIE BARTON
Assistant United States Attorneys

UNITED STATES' WITNESS LIST
CR 09-0217 PJH

4

**ATTACHMENT B**

JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

KEVIN J. BARRY (CABN 229748)
DENISE MARIE BARTON (MABN 634052)
Assistant United States Attorneys
    450 Golden Gate Avenue, Box 36055
    San Francisco, California  94102
    Telephone:    (415) 436-7200
    Facsimile:    (415) 436-7234
    Email: kevin.barry@usdoj.gov
          denise.barton@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 09-0217 PJH |
|     Plaintiff, | ) | |
| v. | ) | **UNITED STATES' EXHIBIT LIST** |
| FRANK SALVADOR SOLORZA, | ) | |
|     Defendant. | ) | |

UNITED STATES' EXHIBIT LIST
CR 09-0217 PJH

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

Case No.:   CR 09-0217 PJH           Date:   September 15, 2008

   United States of America   v.   Frank Salvador Solorza

(X) PLAINTIFF'S   ( ) DEFENDANT'S

EXHIBIT LIST

| No. | Exhibit Description | Bates Number | Date Entered |
|---|---|---|---|
| 1 | Letter to Jesus Escatel | FSS000010 | |
| 2 | Letter to Gabriel Escatel and Irma Escatel | FSS000009 | |
| 3 | Letter to Ramon Escatel and Veronica Sanchez | FSS000012 | |
| 4 | Letter to Jose Rutilio Escatel | FSS000011 | |
| 5 | Clown suit | | |
| 6 | Photograph of clown suit | FSS000007 | |
| 7 | Clown hair | | |
| 8 | Pirates of the Caribbean Mask | | |
| 9 | Sunglasses | | |
| 10 | Photograph of hair, mask, and sunglasses | FSS000006 | |
| 11 | Bicycle | | |
| 12 | Photograph of bicycle | FSS000004 | |
| 13 | Briefcase | | |
| 14 | Photograph of briefcase | FSS000002 | |
| 15 | Photograph of back of vehicle | FSS000003 | |
| 16 | Photograph of Solorza | FSS000005 | |
| 17 | Photograph of Solorza | FSS000001 | |
| 18 | Certified records from Verizon – re: Solorza's phone and calls | | |

UNITED STATES' EXHIBIT LIST
CR 09-0217 PJH

| 19 | Solorza's Cell Phone | | |
|----|---------------------|---|---|
| 20 | Video of arrest | | |
| 21 | House of Humor Receipt | | |
| 22 | Excerpts from Solorza A-file | | |
| 23 | Transcript of 2/3 - 2/4/2009 Co-conspirator Statements to Veronica Sanchez | FSS00059- 63 (current transcript) | |
| 24 | Recording of 2/3 - 2/4/2009 Co-conspirator Statements to Veronica Sanchez | CD labeled "Sanchez microcassette 2/5/09" | |
| 25 | Transcript of 2/4 - 2/7/2009 Co-conspirator Statements to Ramon Escatel and Veronica Sanchez | FSS00080- 83 (current transcript) | |
| 26 | Recording of 2/4 - 2/7/2009 Co-conspirator Statements to Ramon Escatel and Veronica Sanchez | CD labeled "Veronica Sanchez microcassette 2/12/09" | |
| 27 | Transcript of 2/5/2009 Co-conspirator Statements to Jesus Escatel | FSS00063-64 (current transcript) | |
| 28 | Recording of  2/5/2009 Co-conspirator Statements to Jesus Escatel | CD labeled "2/5/09 & 2/10/09 phone calls and encounters" | |
| 29 | Transcript of  2/5/2009 Co-conspirator Statements to Jesus Escatel | FSS00064-67 (current transcript) | |
| 30 | Recording of  2/5/2009 Co-conspirator Statements to Jesus Escatel | CD labeled "2/5/09 & 2/10/09 phone calls and encounters" | |

| 31 | Recording of 2/7/2009 Co-conspirator Statements to Ramon Escatel and Veronica Sanchez | CD labeled "Veronica Sanchez microcassette 2/12/09" | |
|----|----|----|----|
| 32 | Transcript of 2/8/2009 Co-conspirator Statements to Ramon Escatel and Veronica Sanchez | FSS000083-91 (current transcript) | |
| 33 | Recording of 2/8/2009 Co-conspirator Statements to Ramon Escatel and Veronica Sanchez | CD labeled "Veronica Sanchez microcassette 2/12/09" | |
| 34 | Transcript of 2/10/2009 Co-conspirator Statements to Jesus Escatel | FSS00067-73 (current transcript) | |
| 35 | Recording of 2/10/2009 Co-conspirator Statements to Jesus Escatel | CD labeled "2/5/09 & 2/10/09 phone calls and encounters" | |
| 36 | Transcript of 2/10/2009 Co-conspirator Statements to Jesus Escatel | FSS00115; FSS00073-75 (current transcript) | |
| 37 | Recording of 2/10/2009 Co-conspirator Statements to Jesus Escatel | CD labeled "2/5/09 & 2/10/09 phone calls and encounters" | |
| 38 | Transcript of 2/10/2009 Co-conspirator Statements to Jesus Escatel | FSS00075-76 (current transcript) | |
| 39 | Recording of 2/10/2009 Defendant Statements to Jesus Escatel | CD labeled "2/5/09 & 2/10/09 phone calls and encounters" | |

| -- | Demonstrative Exhibits to Be Provided in Advance of Trial | | |

Date: May 19, 2010

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney


_____/s/_____
KEVIN J. BARRY
DENISE MARIE BARTON
Assistant United States Attorneys

UNITED STATES' EXHIBIT LIST
CR 09-0217 PJH