UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

FRANK SALVADOR SOLORZA,

    Defendant.
_____/

No. CR 09-217 PJH

**FINAL PRETRIAL ORDER**

This matter came before the court for a pretrial conference on June 2, 2010. At the hearing, the court ruled on several motions in limine and other pretrial issues as stated on the record and summarized below.

**A.  Motions in Limine**

    **1.  Evidence re: Victims' Suspicions and Defendant's Inquiries (Defendant's Motion in Limine No. 1/ Government's Motion in Limine No. 4)**

The court GRANTS the government's motion to introduce evidence that Solorza asked his family members regarding their immigration status and that the family members suspected Solorza of wrongdoing in conjunction with the inquiries, and DENIES Solorza's related motion. The court finds that the evidence is relevant under Federal Rule of Evidence ("FRE") 401 and is not unduly prejudicial under FRE 403.

**2.   Evidence re: Solorza's Immigration Status and Experience with Immigration Proceedings (Defendant's Motion in Limine No. 2/ Government's Motion in Limine No. 4)**

The court GRANTS the government's motion to introduce this evidence because it is relevant under FRE 401, is not unduly prejudicial, and to the extent it implicates FRE 404(b), is relevant to demonstrate Solorza's knowledge of the immigration process. The court DENIES Solorza's related motion.

**3.   Evidence that Solorza Used Other Names (Defendant's Motion in Limine No. 3/ Government's Motion in Limine No. 4)**

The government has represented that it will not introduce the evidence in its case-in-chief. Solorza's motion is GRANTED as unopposed, and the government's motion is DENIED as moot. To the extent that the government seeks to introduce such evidence for impeachment purposes, the court will rule on the admissibility at that time.

**4.   Evidence re: Lost Letter (Defendant's Motion in Limine No. 4)**

Solorza seeks to introduce testimony from his prior attorney regarding a threatening letter Solorza received, which was subsequently lost by the attorney. The court DENIES Solorza's motion because the letter constitutes hearsay under FRE 801(c) and for lack of foundation since Solorza's former attorney cannot recall the specific contents of the letter. Additionally, because the letter was apparently sent to Solorza after the charged offenses were committed, any threat contained therein could not serve as a basis for any duress he felt at the time he committed the offenses. At most the letter could serve as corroboration that threats similar to the ones he had received were ongoing. However, the record is devoid of any evidence, not even Solorza's own declaration, that the letter, which was presumably unsigned, was sent to him by a member of the street gang he asserts had been harassing and threatening him.

**5.   Evidence re: Duress (Defendant's Motion in Limine No. 5/ Government's Motion in Limine No. 1)**

The parties' arguments and the court's concerns regarding this issue are set forth

extensively on the record.  Having considered the parties' arguments and the relevant authority, the court DENIES the government's motion and DEFERS ruling on Solorza's motion for a duress instruction until after the evidence has been admitted and considered. *See United States v. Contento-Pachon*, 723 F.2d 691, 693 (9th Cir. 1984); *United States v. Vasquez-Landaver*, 527 F.3d 798, 802 (9th Cir. 2008).  As noted at the hearing, the court finds defendant's offer of proof as to the third element of the duress defense particularly thin, but will nonetheless permit the defense to proceed subject to a motion to strike should the evidence actually presented at trial not meet the requisite standard of proof.

The parties agreed that Ninth Circuit Model Jury Instruction No. 6.6 was appropriate because Solorza raises the duress defense not in order to negate an element of any of the charged offenses, but instead to excuse his criminal conduct.  *United States v. Solorzano-Rivera*, 368 F.3d 1073, 1079–81 (9th Cir. 2004); *United States v. Leal-Cruz*, 431 F.3d 667, 672-73 (9th Cir. 2005).  Solorza will therefore have the burden of proving his duress defense at trial.  *Id.*

Accordingly, the government's motion is DENIED, and a ruling on defendant's motion is DEFERRED.

**6.    Coconspirators' Statements (Government's Motion in Limine No. 1)**

The government intends to introduce statements of unknown coconspirators in its case-in-chief via the testimony of the victims, recordings of calls, and transcripts of calls.  It provided Solorza - but not the court - with the specific coconspirator statements prior to the pretrial conference.  Solorza does not object to admission of the coconspirator statements.

Notwithstanding the absence of an objection, in order for a coconspirator statement to be *admissible* at trial under FRE 801(d)(2)(E), the prosecution must show by a preponderance of the evidence that: (1) the conspiracy existed when the statement was made; (2) the defendant had knowledge of, and participated in, the conspiracy; and (3) the statement was made "in furtherance" of the conspiracy.  *United States v. Larson*, 460 F.3d 1200, 1212 (9th Cir. 2006).

Per the court's discussion on the record, the court will make a pretrial determination

on the first and second elements of the *Larson* test with respect to each statement. Assuming an adequate showing, the statements will be admitted subject to striking should a showing as the third element not be made during trial. Accordingly, the government must provide the court with sufficient information to establish the existence of a conspiracy when each statement was made and defendant's knowledge of and participation in said conspiracy. The proffer must include at minimum: (1) the *specific* coconspirator statements and source of each statement; (2) the identity, or if the identity is unknown, a description, of the declarant of *each* specific coconspirator statement; (3) a summary of the evidence showing that *each* declarant of the coconspirator statement was indeed a coconspirator (knew about and participated in the conspiracy), and (4) a summary of the evidence showing that defendant knew about and participated in the conspiracy. The government indicated that its proffer could be filed by **5:00 p.m. Thursday, June 3, 2010.** However, given the lateness of this filing, the government may file their proffer by **12:00 p.m. Friday June 4, 2010**. Solorza's response is due **by 5:00 p.m. Monday, June 7, 2010.**

**7.    Reference to Defendant's Potential Sentence (Government's Motion in Limine No. 3)**

Solorza asserts that he does not intend to reference punishment or sentence. The court GRANTS the motion pursuant to *United States v. Olano*, 62 F.3d 1180, 1202 (9th Cir. 1995).

**B.    Jury Instructions**

The parties are in agreement and there are no objections to the proposed jury instructions.

The parties are further ORDERED to submit a joint jury instruction providing a brief statement of the case by the first day of trial.

**C.    Verdict Form**

Defendant does not object to the government's proposed verdict form.

////

////

4

**D.     Other**

The government's motion to unseal portions of the grand jury transcripts is GRANTED.

**IT IS SO ORDERED.**

Dated: June 3, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge