1  JOSEPH P. RUSSONIELLO (CABN 44332)
   United States Attorney
2
   BRIAN J. STRETCH (CABN 168973)
3  Chief, Criminal Division

4  KEVIN J. BARRY (CABN 229748)
   DENISE MARIE BARTON (MABN 634052)
5  Assistant United States Attorneys
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California  94102
        Telephone:        (415) 436-7200
7       Facsimile:        (415) 436-7234
        Email: kevin.barry@usdoj.gov
8              denise.barton@usdoj.gov

9  Attorneys for United States of America

10
                    UNITED STATES DISTRICT COURT
11
                    NORTHERN DISTRICT OF CALIFORNIA
12
                        SAN FRANCISCO DIVISION
13

14 | UNITED STATES OF AMERICA,        )  No.  CR. 09-0217 PJH
                                      )
15 |        Plaintiff,                )
                                      )  **SECOND NOTICE OF CO-**
16 |   v.                             )  **CONSPIRATOR STATEMENTS**
                                      )
17 | FRANK SALVADOR SOLORZA,          )
                                      )  Trial Date:  June 21, 2010
18 |        Defendant.                )  Court:       Hon. Phyllis J. Hamilton
                                      )
19 |_____    )

20                          **INTRODUCTION**

21        As stated during the June 18, 2010 conference call with the Court and defense counsel, in

22 the course of preparing witnesses for trial, the United States has identified additional co-

23 conspirator statements which it intends to offer at trial.  The standards for admissibility of co-

24 conspirator statements are set forth in the *United States' Second Motion in Limine to Admit Co-*

25 *Conspirator Statements* (Docket No. 74), which is incorporated herein.  The grounds for

26 admissibility of the specific statements identified herein are set forth below.

27

28

SECOND NOTICE OF CO-CONSPIRATOR STATEMENTS
CR 09-0217 PJH
                                  1

# ARGUMENT

**A.   Additional Co-Conspirator Statements To Be Offered By the United States**

The specific statements have been set forth in bold.

| Statement Date | Witnesses / Participants | Statement |
|---|---|---|
| February 3, 2009, approximately 11:00 a.m. | Jesus Escatel | Jesus Escatel received a phone call from a person with a woman's voice, and who may have been disguising her voice. This person told Escatel that **he should "pay the money" and "not be stupid," otherwise there would be problems with immigration**. The caller told Escatel **that some other person in a similar situation paid the money and that this person ended up being okay**. |
| February 6, 2009, approximately 5:00 p.m. | Jesus Escatel | Escatel received another phone call from a person he believed was the same person who made the February 3, 2009 call. The caller again said **he should "pay the money" and "not be stupid," otherwise there would be problems with immigration**. The caller again told Escatel **that some other person in a similar situation paid the money and this person ended up being okay**. The caller also said **"don't be stupid" and "you've got kids."** |
| February 7 or 8, 2009, approximately 8:00 p.m. | Jesus Escatel | Escatel received a call from a person who had a man's voice. The caller told Escatel **not to worry and that everything will turn out okay, as long as they paid the money**. This male voice repeated many of the same statements that were made during the February 3 and 6, |

SECOND NOTICE OF CO-CONSPIRATOR STATEMENTS
CR 09-0217 PJH

2

| | | |
|---|---|---|
| | | 2009 calls identified above - specifically that **he should "pay the money" and "not be stupid," otherwise there would be problems with immigration and that some other person in a similar situation paid the money and this person ended up being okay**. The caller also said **"don't be stupid" and "you've got kids."** |
| February 10, 2009 | Jesus Escatel | Escatel received a call on the morning of February 10, 2009 in which a caller **asked, as if confirming, that Escatel was ready to pay the money that afternoon**. |

None of these statements were recorded.

**C.     The Statements to Be Offered Meet the *Bourjaily* and *Larson* Tests**

1.     <u>The Existence of the Conspiracy</u>

The content of the co-conspirator statements identified above are all the same type of statements as identified in the first *Notice of Co-Conspirator Statements* (Docket Nos. 94 and 97) - demands of money to "fix" the victims' immigration status; threats about what would happen if the money was not paid; and confirmation of payment of the money. The nature of these statements - and involvement of more than one person as shown by the delivery of the February 2, 2009 letter by one person, calls from other persons, and attempted pick up of money by the defendant - show the existence of an agreement to extort money from the victims by claiming to be an immigration official.

2.     <u>The Defendant's and His Co-Conspirators' Connection to the Conspiracy</u>

The delivery of the extortionist letters; the several calls made by the unknown co-conspirators identified above and in Docket Nos. 94 and 97 (some of which were made from the defendant's telephone); and the arrival of the defendant to effect what was discussed during these calls – the pick-up of the money from his victims –  show that the unknown co-conspirators and

SECOND NOTICE OF CO-CONSPIRATOR STATEMENTS
CR 09-0217 PJH

3

the defendant were working in concert to extort money from the Escatel family.

The defendant's connection to the conspiracy is most obviously shown by his arrival, on the bicycle, in the clown suit, to pick up the demanded money. The defendant's chosen clothing and arrival on a bicycle was not a coincidence, but was exactly as described by the caller to the victim, thereby showing the defendant's connection to the conspiracy.

The identify of the co-conspirator speakers of the statements is unknown. The speakers of the statements identified above are believed to be the unknown co-conspirators identified in Count 1 of the *Superseding Indictment*. Within the identified calls, the unknown co-conspirators demand money, threatened consequences if the money was not paid, and confirmed that payment would be made. These co-conspirator statements are not the sort in which a meaning or connection to the object of the conspiracy is inferred or subject to argument.

3. <u>The Statement Was Made During and in Furtherance of the Conspiracy</u>

The nature of the statements themselves - the demands, the threats, and the confirmation of the money pick up - all show that the calls were made during and in furtherance of a conspiracy to extort money from members of the Escatel family.

**CONCLUSION**

The United States respectfully submits that it has made the necessary preliminary showing under *United States v. Bourjaily*, 483 U.S. 171, 175-76, 181-82 (1987) and *United States v. Larson*, 460 F.3d 1200, 1212 (9th Cir. 2006) for this Court to admit the proffered co-conspirator statements.

DATED: June 19, 2010                    Respectfully Submitted,

JOSEPH P. RUSSONIELLO
United States Attorney


  /s/
KEVIN J. BARRY
DENISE MARIE BARTON
Assistant United States Attorneys

SECOND NOTICE OF CO-CONSPIRATOR STATEMENTS
CR 09-0217 PJH